IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 1 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| JOSE EDUARDO OROZCO, § § Petitioner, § § v. § § LORIE DAVIS, Director, § Texas Department of Criminal § Justice, Correctional § Institutions Division, § § Respondent. § | No. 4:17-CV-557-A |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jose Eduardo Orozco, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. BACKGROUND

On April 19, 2011, in Tarrant County, Texas, Case Nos. 1208005D and 1208006D, following a bench trial, petitioner was convicted in absentia of possession with intent to deliver 4 grams or more but less than 200 grams of cocaine and possession with intent to deliver more than 400 grams of methamphetamine and sentenced to 30 years' imprisonment in Case No. 1208005D and 40

years' imprisonment and a $2000 fine in Case No. 1208006D. (Reporter's R., vol. 3, 38.) The trial court also made an affirmative deadly weapon finding in each case. Petitioner appealed his convictions, but the Eighth District Court of Appeals of Texas affirmed the trial court's judgments and the Texas Court of Criminal Appeals refused his petition for discretionary review. (Ops., Nos. 08-12-00051-CR & 08-12-00052-CR; Resp't's Answer 3.) Petitioner also filed two state habeas-corpus petitions challenging his convictions, one for each conviction, which were denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (02SHR[1] 2-3 & Action Taken; 03SHR 2-3 & Action Taken.) This federal habeas petition followed.

The state appellate court summarized the facts of the case as follows:

> On June 4, 2010, a magistrate found that probable cause existed to support the issuance of a search warrant for a residence located at 2307 Dell Street, Fort Worth, Texas. The magistrate's probable-cause determination was based on the affidavit of Fort Worth Police Officer Alfredo Dominguez.
>
> Officer Dominguez's affidavit recited, in April 2010, he received a tip from a confidential informant that a Hispanic male named Jose Martinez Orozco was trafficking methamphetamine and cocaine from the Dell Street residence. Officer Dominguez averred, during the next two months, he conducted surveillance on the residence, observed activity consistent with the sale

---

[1] "02SHR" refers to the record of petitioner's state habeas proceeding in WR-83,840-02; "03SHR" refers to the record of his state habeas proceeding in WR-83,840-03.

2

and distribution of illegal drugs, and used a reliable
and confidential informant to make two controlled buys,
one of cocaine and one of methamphetamine, from the
residence. Officer Dominguez stated that when he met
with the informant after each purchase, the informant
told him that the narcotics were purchased from "Jose
Orozco" while inside the residence. Officer Dominguez
further stated, after he obtained a photograph of a man
named Jose Martinez Orozco, he identified [petitioner]
as the Hispanic male he had observed exit the residence
on the date the informant purchased cocaine.

After Officer Dominguez obtained the warrant to
search the Dell Street residence for cocaine and
methamphetamine, SWAT officers executed it. Upon
entering the residence, one of the SWAT officers saw
[petitioner] throw an item out of a window. The item
recovered directly beneath that window was a baggie of
cocaine. Larger quantities of cocaine and
methamphetamine were found inside the residence.

(Ops., Nos. 08-12-00051-CR & 08-12-00052-CR (footnote omitted).)

## II. ISSUES

Petitioner raises the following grounds for relief:

(1) he received ineffective assistance of counsel because counsel failed to properly argue that he was not in possession of a deadly weapon;

(2) he received ineffective assistance of counsel because counsel failed to file a motion for disclosure of the confidential informant;

(3) he received ineffective assistance of counsel because counsel waived (a) his right to a jury trial and (b) his right to cross-examine witnesses without his consent; and

(4) he received ineffective assistance of counsel because counsel did not communicate to him the state's 15-year plea offer.

(Pet. 6-7.)

### III. RULE 5 STATEMENT

Respondent does not believe that the petition is successive or time-barred but does believe that petitioner's claim under (3)(a), enumerated above, is unexhausted and procedurally barred from the court's review. (Resp't's Answer 5, doc. 16.)

### IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *See id.* § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *See Richter*, 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual findings. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the

4

burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000).

Additionally, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief on a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *See Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1191-92 (2018).

## V. DISCUSSION

As an initial matter, respondent claims that petitioner's claim (3)(a)—that counsel was ineffective by waiving petitioner's right to a jury trial without his consent—is unexhausted and procedurally barred. (Resp't's Answer 16-20.) The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or in state post-conviction proceedings. *See*

*O'Sullivan v. Boerckel,* 526 U.S. 838, 842-48 (1999); *Fisher v. Texas,* 169 F.3d 295, 301 (5th Cir. 1999). The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Anderson v. Johnson,* 338 F.3d 381, 386 (5th Cir. 2003).

Having reviewed the state court records, the court agrees that claim (3)(a) does not sufficiently correspond with any of petitioner's ineffective-assistance claims raised in his state habeas application. Thus, the claim raised for the first time in his federal petition is unexhausted for purposes § 2254(b)(1)(A).

"A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997) (citing *Coleman,* 501 U.S. at 735 n.1). If petitioner presented his unexhausted claim at this time to the Texas Court of Criminal Appeals in another state habeas application, the court would find the claims to be procedurally barred under the Texas abuse-of-the-writ doctrine. See TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4(1)-(2); *Ex parte Whiteside,* 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). This doctrine is an adequate and independent state ground for the purpose of imposing a procedural bar on federal habeas review. See *Hughes v. Quarterman,* 530 F.3d

6

336, 342 (5th Cir. 2008).

Petitioner may overcome a procedural default by demonstrating either cause and actual prejudice for the default or a showing that he is actually innocent of the crime(s) for which he stands convicted. *See Sawyer v. Whitley,* 505 U.S. 333, 338 (1992); *Ylst v. Nunnemaker,* 501 U.S. 797, 801-07 (1991); *Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000). Petitioner does not assert actual innocence. Instead, he acknowledges that respondent correctly asserts that the claim is unexhausted but contends that any "exhaustion or procedural default issues should be viewed through the 'lens' of Martinez." (Pet'r's Obj. 3, 17-19.) *See Martinez v. Ryan,* 566 U.S. 1 (2012) (holding "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial"). *See also Trevino v. Thaler,* 569 U.S. 413 (2013) (holding that the rule in *Martinez* applies in collateral challenges to Texas convictions). The holdings in *Martinez* and *Trevino* concern the application of the cause-and-prejudice exception, as discussed in *Coleman,* to a procedural default of an ineffective-assistance-of-trial-counsel claim in state court where there is no state habeas counsel in the initial state habeas proceeding or counsel in that proceeding was ineffective. *Martinez,* 566 U.S. at 9; *Trevino,* 569 U.S. at 429.

7

Petitioner had no counsel in his initial state habeas proceeding, thus the rule in *Martinez/Trevino* may excuse his procedural default of his ineffective-assistance-of-trial-counsel claim if he can demonstrate that the claim is "substantial." For a claim to be substantial, a "prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. Conversely, an "insubstantial" claim is one that "does not have any merit" or that is "wholly without factual support." *Id.* at 16.

Under the familiar *Strickland* standard, to establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Petitioner's claim that counsel waived his right to a jury trial without his consent is wholly without factual support, save for petitioner's bald assertion. Absent evidence in the record,

8

however, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Further, copies of the "Status Conference" held one month before trial and signed by petitioner, his counsel, and the state prosecutor, reflect that it was agreed to have a trial before the court and that "all matters preliminary to trial except as entered on the record at the Status Conference" were waived.[2] Absent a showing of cause or prejudice, such showing not having been demonstrated, the claim is procedurally barred from the court's review.

As to petitioner's remaining claims that counsel was ineffective by (1) failing to properly argue that he was not in possession of a deadly weapon, (2) failing to file a motion for disclosure of the confidential informant, (3)(b) waiving his right to confront witnesses without his consent, and (4) failing to communicate the state's 15-year plea offer to him, the state habeas court recommended denying relief based on the following relevant factual findings and legal conclusions:

**FINDINGS OF FACT**

4. Hon. Jim Shaw represented [petitioner] during the trial proceedings.

---

[2] The copies were provided by the Tarrant County District Clerk's Office upon the court's request.

5.  During closing arguments, Hon. Shaw argued as follows:

    "So he's found in a house, first time he's been seen there, based upon the evidence, and no showing that he had any connection to the drugs. So notwithstanding the fact that there were a lot of drugs there, there was, in fact, a codefendant in this case who is similarly charged with the case and who I would argue was at that house.

    "There is no showing that there was any clothes in the closets that fit a strapping young Mexican lad who was arrested. There is no showing that he had any personal effects there. There is no showing that he had any papers in the house. There is no showing about anything other than he was in the house where drugs were found. There is no showing that he's ever been there before, recalling the search warrant and parts within the affidavit are not part of the case. So it's my position there is not any affirmative links to him and the drugs and the guns and whatever.

    . . .

    "[Petitioner] had no connecting links to the drugs, and that's the facts of the case."

6.  Counsel properly argued that [petitioner] was not in possession of a deadly weapon.

7.  The evidence at trial established that law enforcement received the knowledge that [petitioner] lived at the house of the drug bust through the confidential informant.

8.  The confidential informant could have linked [petitioner] to the house.

9.  Counsel's argument was there was nothing linking [petitioner] to the house.

10. It was reasonable trial strategy to not request

the identity of the confidential informant because the informant could link [petitioner] to the house.

11. Counsel conveyed the fifteen year plea offer to [petitioner]. ("[T]hey made an offer of 15, which I thought he had accepted.")

12. [Petitioner] absconded before he could accept the fifteen year plea offer.

13. [Petitioner] did not receive the benefit of the fifteen year plea offer because he voluntarily absented himself during trial.

*Denial of Cross-Examination*

14. [Petitioner] claims he was denied his right to cross-examine the chemist.

15. Hon. Shaw and the State signed a Stipulation of Testimony for the chemist, Ms. Elizabeth Van.

16. Hon. Shaw agreed that he was waiving [petitioner]'s right to cross-examine Ms. Van as part of the stipulation.

17. [Petitioner] did not sign the Stipulation of Testimony because he had voluntarily absented himself.

18. Hon. Shaw discussed with [petitioner] the Stipulation of Testimony before [petitioner] voluntarily absented himself.

19. Any error from [petitioner] not signing the Stipulation of Testimony was caused by his voluntarily absenting himself.

20. [Petitioner] was not denied his right to cross-examine the chemist.

**CONCLUSIONS OF LAW**

. . .

*Ineffective Assistance of Counsel*

11

3. The two-prong test enunciated in *Strickland v. Washington* applies to ineffective assistance of counsel claims in non-capital cases. To prevail on his claim of ineffective assistance of counsel, the applicant must show counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's unprofessional errors.

4. The Court of Criminal Appeals will presume that trial counsel made all significant decisions in the exercise of reasonable professional judgment.

5. The totality of counsel's representation is viewed in determining whether counsel was ineffective.

6. Support for [petitioner]'s claim of ineffective assistance of counsel must be firmly grounded in the record.

7. Counsel's defense that there was no evidence linking [petitioner] to the drugs or the guns because there was no evidence showing [petitioner] lived at the house was the result of reasonable trial strategy.

8. Counsel's decision to not move to disclose the confidential informant, because the confidential informant could link [petitioner] to the location of the offense, was the result of reasonable trial strategy.

9. Counsel properly argued [petitioner] was not in possession of the deadly weapon.

10. Counsel properly conveyed the fifteen year plea offer to [petitioner].

11. Under the doctrine of invited error, a defendant may not create error and then submit that error as a basis for appellate relief.

12. "Just as the law of entrapment estops the State from making an offense of conduct that it induced, the law of invited error estops a party from making an appellate error of an action it

induced."

13. [Petitioner] is estopped from complaining that he was deprived of the chance to accept the plea offer because he created the error by not returning to trial.

14. [Petitioner] has failed to prove that counsel's representation fell below an objective standard of reasonableness.

15. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome is not established.

16. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffective claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

17. [Petitioner] has failed to show that there is a reasonable probability that the outcome of the proceeding would have been different had counsel moved to disclose the informant.

18. [Petitioner] has failed to show that there is a reasonable probability that the outcome of the proceeding would have been different had counsel argued differently.

19. [Petitioner] has failed to show that there is a reasonable probability that the outcome of the proceeding would have been different had counsel conveyed the plea offer differently.

20. [Petitioner] has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would be different.

21. [Petitioner] has failed to prove that he received

ineffective assistance of trial counsel.

(03SHR 52-57 (citations omitted).)

Adopting the state habeas court's findings, the Texas Court of Criminal Appeals, in turn, denied habeas relief.

Petitioner presents no clear and convincing evidence to rebut the state courts' factual findings. Thus, relying on the presumptive correctness of those findings, and having independently reviewed petitioner's claims in conjunction with the state court records, the state courts' adjudication of petitioner's ineffective-assistance claims is not contrary to or an unreasonable application of *Strickland*. Petitioner's claims are conclusory, with no legal and/or evidentiary basis, refuted by the record, involve matters of state law, or involve strategic and tactical decisions made by counsel, all of which generally do not entitle a state petitioner to federal habeas relief. *See, e.g., Yarborough v. Gentry,* 540 U.S. 1, 5-6 (2003) (providing "counsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage"); *Strickland,* 460 U.S. at 689 (providing strategic decisions by counsel are virtually unchallengeable and generally do not provide a basis for postconviction relief on the grounds of ineffective assistance of counsel); *Young v. Dretke,* 356 F.3d

616, 628 (5th Cir. 2004) (providing "in our role as a federal habeas court, we cannot review the correctness of the state habeas court's interpretation of state law"); *Green v. Johnson,* 160 F.3d 1029, 1037, 1042 (5th Cir. 1998) (providing "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue").

Petitioner claims counsel was ineffective by failing to properly argue that he was not in possession of a deadly weapon and to "hold a more productive hearing on the issue of the weapons." (Pet'r's Mem. 4.) Specifically, he argues that counsel should have relied upon the United States Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137 (1995), regarding the evidence necessary to show that he used or exhibited a deadly weapon during the offenses. However, petitioner's reliance on *Bailey* is misplaced. The question in *Bailey* was whether evidence of the proximity and accessibility of a firearm to drugs or drug proceeds, alone, is sufficient to support a conviction for "use" of a firearm during and relation to a drug trafficking offense under former 18 U.S.C. § 924(c)(1), a federal statute. *Id.* at 138-39. The Supreme Court held that a conviction for use of a firearm under former § 924(c)(1) required more than a showing of mere possession of proximity to drugs and concluded that the government must show "active employment" of

15

the firearm, which includes firing or attempting to fire, brandishing, displaying, bartering, and striking with a firearm. *Id.* at 142-44, 148. The Supreme Court's holding in *Bailey* was a matter of federal statutory interpretation and was not a matter of federal constitutional law. Therefore, it is not binding on a state court's interpretation of a state statute. The Texas Court of Criminal Appeals did not adopt the Supreme Court's construction of the word "use" in the federal statute when interpreting the word "use" in the state statute. *Gale v. State*, 998 S.W.2d 221, 224-25 (Tex. Crim. App. 1999). A state court's interpretation of state law is binding on a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Pape v. Thaler*, 645 F.3d 281 (5th Cir. 2011). Because *Bailey* is not applicable, counsel was not ineffective for failing to make a legal argument under *Bailey*.

Petitioner claims that counsel was ineffective by failing to file a motion for disclosure of the confidential informant's identity. Under state law, generally, the state has a privilege to refuse to disclose the identity of a person who has furnished information relating to a possible violation of the law to a law enforcement officer. *See* TEX. R. EVID. 508(a). However, the state's privilege is not absolute and does not apply in a criminal case (1) if the informer's identity has been voluntarily disclosed, (2) if the informer may be able to give testimony

16

necessary to a fair determination of guilt or innocence, or (3) if the court is not satisfied that information was obtained from an informer reasonably believed to be reliable. *See id.* 508(c). A defendant has the threshold burden of demonstrating that the informant's identity must be disclosed. *See Bodin v. State,* 807 S.W.2d 313, 318-19 (Tex. Crim. App. 1991). Additionally, the informant's potential testimony must significantly aid the defendant, and mere conjecture or supposition about possible relevancy is insufficient. *See id.* In this case, the identity of the confidential informant was not voluntarily disclosed and petitioner fails to demonstrate that he could have satisfied the requirements to be entitled to disclosure. Nothing in the record indicates that the informant would have been able to give testimony necessary to a fair determination of petitioner's guilt. Rather, the informant's testimony would have likely been damaging to petitioner. Accordingly, the fact that trial counsel did not seek disclosure of the identity of the informant does not support a claim of ineffective assistance.

Petitioner claims counsel was ineffective by waiving his right to cross-examine the chemist regarding whether she "actually saw the tests [of the contraband] being performed or participated in them." (Pet'r's Mem. 7.) Petitioner was present at the beginning of his trial but voluntarily absented himself on the second day of trial, during which counsel agreed to enter

17

into a stipulation as to Van's testimony. The state courts determined that the "invited error" doctrine estopped petitioner from bringing the claim in state court. It is well established in Texas criminal jurisprudence that an accused cannot invite error and then complain of that error. *See Capistran v. State,* 759 S.W.2d 121, 124 (Tex. Crim. App. 1982). Although respondent does not raise the issue, the Fifth Circuit has held that the "invited error" doctrine qualifies as a state procedural bar to federal habeas review. *Druery v. Thaler,* 647 F.3d 535, 545 (5th Cir. 2011), *cert. denied,* 565 U.S. 1207 (2012).

As previously noted, petitioner had no counsel in his initial state habeas proceeding, thus the rule in *Martinez/Trevino* may excuse his procedural default of his ineffective-assistance-of-trial-counsel claim if he can demonstrate that the claim is "substantial." *See Martinez,* 566 U.S. at 14. Petitioner fails to do so. He does not demonstrate that counsel was deficient for not questioning the chemist or that the outcome of his trial would have been different had he done so. Absent a showing of cause and prejudice, such showing not having been demonstrated, the claim is procedurally barred from this court's review.

Finally, petitioner claims counsel was ineffective by failing to communicate the state's 15-year plea offer to him. This claim is conclusory, and arguably refuted by the record, and

does not raise a constitutional issue in a federal habeas proceeding. *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000).

For the reasons discussed herein,

It is ORDERED that respondent's motion to dismiss be, and is hereby, granted and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED November 1, 2018.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE